# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY E. SINAPI,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )     C. A. No. 15-311-M |
| RHODE ISLAND BOARD OF<br>BAR EXAMINERS, et al.<br>    Defendants. | )<br>)<br>)<br>)<br>) |

## ORDER

Plaintiff, Anthony E. Sinapi, filed this action pursuant to the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12101, *et seq.*, 42 U.S.C. § 1983, and the Rhode Island Constitution against the Rhode Island Board of Bar Examiners ("the Board") and the Board's individual members in their official capacities. Mr. Sinapi seeks a temporary restraining order to compel the Board to provide him with certain requested accommodations when he sits for the Rhode Island Bar Exam on July 28th and 29th. For the reasons that follow, Mr. Sinapi's motion is granted and the Board is directed to provide him with the requested accommodations. Specifically, the Board is required to provide Mr. Sinapi with 25% more testing time and a distraction reduced testing area.

On July 16, 2015, the Rhode Island Board of Bar Examiners notified Mr. Sinapi that it denied his request for a testing time accommodation of 50% additional time, a distraction reduced testing area, and access to his prescribed medication. Mr. Sinapi's attorney notified the Board's attorney via e-mail on July 17, 2015, that on July 10, 2015, the Massachusetts Board of Bar Examiners had reconsidered his request and granted him the same testing accommodations

for the July sitting of the Massachusetts bar examination. The Rhode Island Board has not considered the testing accommodations that Massachusetts granted to Mr. Sinapi.

Under the familiar temporary restraining order standard, Mr. Sinapi must show that, without injunctive relief, he has a significant risk of irreparable harm; he has a substantial likelihood of succeeding on the merits of his claims; when balancing the equities, the scales tip in his favor; and an injunction will not injure the public interest. *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6 (1st Cir. 1991). The first factor, likelihood of success on the merits, is the "critical" factor of the court's analysis. *Id.* at 6. The Court finds, based on the limited record before it, that Mr. Sinapi meets this standard.

The ADA regulations on nondiscrimination based on disability provide that "testing entities shall give considerable weight to documentation of past modifications, accommodations, or auxiliary aids or services received in similar testing situations." 28 C.F.R. § 36.309(b)(1)(v) (2011). Despite this mandate, the Board did not consider the accommodations that Massachusetts gave to Mr. Sinapi. The Board had ten days to give consideration to this accommodation, yet it did not meet and confer. Failure to give any weight (let alone considerable weight) to the Massachusetts Board's adjudication appears to violate the ADA regulations. Mr. Sinapi has satisfied the first requirement that he is likely to succeed on the merits on this issue.

He will certainly be irreparably harmed because, without the reasonable accommodations that he was granted to take the Massachusetts bar exam, he does not have an equal opportunity to take and pass the Massachusetts[1] or Rhode Island bar exams. This harm will directly result from

---

[1] Because Mr. Sinapi is registered to sit for the multistate portion of the test in Rhode Island, Rhode Island's failure to accommodate him would functionally deny him the benefit of

the applicant's not receiving accommodations requested in accordance with the ADA. The applicant has received accommodations in school based upon his disability, and the State has failed to provide any evidence to the contrary. Absent a sufficient alternative remedy that significantly reduces the risk of injury, the Court finds injunctive relief necessary and appropriate.

The Court articulated at the hearing on this matter that there were issues weighing in favor of success on the merits of his due process and ADA claims. When faced with a plaintiff who will essentially lose his opportunity to take the Massachusetts bar exam on a level playing field, utilizing the accommodations granted by the Commonwealth's board, and balancing the Board's interest in maintaining the integrity of the test, the Court finds that the scales tip in Mr. Sinapi's favor. And, finally, an injunction will not injure the public interest.

The Court GRANTS Plaintiff's Motion for a Temporary Restraining Order. (ECF No. 2).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

July 27, 2015

---

Massachusetts's accommodation on the multistate portion even as it applies to his total Massachusetts score.