## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ANTHONY E. SINAPI, <br> Plaintiff, <br><br> v. <br><br> RHODE ISLAND BOARD OF <br> BAR EXAMINERS, et al. <br> Defendants. | ) <br> ) <br> ) <br> ) <br> )      C. A. No. 15-311-M <br> ) <br> ) <br> ) <br> ) <br> ) |

## ORDER

Plaintiff Anthony E. Sinapi applied to take the bar examinations in Rhode Island and Massachusetts after his graduation from Roger Williams University School of Law.  Mr. Sinapi applied for testing accommodations due to his disability in the form of 50 % extra time, a distraction reduced environment, and permission to take prescribed medication in both states.  Massachusetts initially denied Mr. Sinapi's request, but granted it upon receipt of additional documents and reconsideration.  Rhode Island denied his request.  Mr. Sinapi requested reconsideration from the Rhode Island Board of Bar Examiners ("the Board") as well, offering to provide the same documents that appeared to convince Massachusetts of the merits of his accommodations bid.  The Board declined, even when Mr. Sinapi's counsel reduced the time request to an additional 25%.  He turned to the Rhode Island Supreme Court, filing an Emergency Petition for Review, but that court declined relief.

Feeling that he had no other route to pursue in light of the looming examination date, Mr. Sinapi filed this action for injunctive relief and damages, pursuant to the Americans With Disabilities Act ("the ADA"), 42 U.S.C. § 12101, *et seq.*, 42 U.S.C. § 1983, and the Rhode Island Constitution against the Rhode Island Board of Bar Examiners ("the Board") and the Board's individual members in their official and individual capacities. He sought a temporary restraining order ("TRO") so that he could sit for the July 2015 bar examination in Rhode Island with the 25% additional time and other accommodations. (ECF No. 2). Defendants objected that this Court lacked jurisdiction and/or that they were entitled to absolute immunity from all claims.[1] (ECF No. 3). After a hearing, this Court granted the TRO on the ground that the Board's failure to give weight to the Massachusetts Board's decision to give Mr. Sinapi an accommodation appeared to violate Americans with Disabilities Act ("ADA") regulations.[2] (ECF No. 6). Mr. Sinapi took his exams under the terms he sought in his motion. He passed Massachusetts, but failed the Rhode Island test.

Mr. Sinapi amended his complaint, adding a claim for violation of the Rhode Island Civil Rights Act ("RICRA"). Believing there was now an absence of case or controversy, because Mr. Sinapi received his requested relief of the test

---

[1] Defendants appealed this Court's decision to grant the TRO to the First Circuit Court of Appeals. The First Circuit, however, dismissed the appeal as moot because the order had been "irrevocably executed" because Mr. Sinapi took the exam under the accommodating conditions. (ECF No. 17).

[2] Moreover, the Court found it significant that the Board's refusal to accommodate Mr. Sinapi would "functionally deny him the Massachusetts's accommodation on the multistate portion" as it applied to his Massachusetts score because he was taking the multistate exam in Rhode Island without the accommodation. (ECF No. 6 at 2-3 n.1).

accommodations, the Court issued a show cause order as to why the case should not be dismissed, which order resulted in the motion to dismiss currently before the Court. Although he did not remove it from his Amended Complaint, Mr. Sinapi appears to have abandoned his claim for injunctive relief in light of the Court's decision to grant his temporary restraining order. Therefore, the Court is only presented with the issue of Defendants' immunity from his compensatory and punitive damages claims. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967).

## I.   ANALYSIS

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Garcia-Catalan v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)).

After a review of the extensive briefing in this case, the Court finds that principles of immunity bar all of Mr. Sinapi's claims for compensatory relief against the Board and all Defendants in both their individual and official capacities. As to the claims against the Board and the members in their official capacities, the Court lacks jurisdiction under the Eleventh Amendment. Quasi-judicial immunity provides protection to the Board members for all claims against them in their individual capacities.

3

A.   ELEVENTH AMENDMENT

The Eleventh Amendment bars suits in federal court against a state by citizens of that state or a foreign state. *Metcalf & Eddy v. P.R. Aqueduct & Sewer Auth.*, 991 F.2d 935, 938 (1st Cir. 1993).  This sovereign immunity "extends to governmental instrumentalities, which are an arm or 'alter ego' of the State." *Gonzalez-Droz v. Gonzalez-Colon*, 717 F. Supp. 2d 196, 207 (D.P.R. 2010); *see Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280–281 (1977); *Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir. 1987); *Ochoa Realty Corp. v. Faria*, 618 F. Supp. 434, 435 (D.P.R. 1985); *Ursulich v. P.R. Nat'l Guard*, 384 F. Supp. 736, 737–38 (D.P.R. 1974).  "The rationale behind this extension of the Eleventh Amendment protection is that a claim against a state official in his or her official capacity, for monetary relief, is an action for the recovery of money from the State." *Gonzalez-Droz*, 717 F. Supp. 2d at 207.  Therefore, the Eleventh Amendment provides protection from suit for state officials acting in their official capacities for monetary relief.

The key consideration in determining whether the Eleventh Amendment immunity applies to an arm of the state is whether the state is the real party in interest in the suit and the monetary judgment will be paid out of the state coffers. *Metcalf & Eddy*, 991 F.2d at 939.  The Rhode Island Supreme Court is an arm of the State of Rhode Island and the Board is an administrative arm of the Rhode Island Supreme Court. *In re DeOrsey*, 312 A.2d 720, 724 (R.I. 1973).  In fact, Board members are appointed by the Rhode Island Supreme Court. *See* R.I. Supreme Court Art. II,

4

Rule 5. Therefore, any money judgment against the Board itself, and its members sued in their official capacities would be paid out of State of Rhode Island coffers. As such, the Board and its members sued in their official capacities are protected from suit by the Eleventh Amendment and all of Mr. Sinapi's claims against all Defendants in that capacity are dismissed. *Gonzalez-Droz*, 717 F. Supp. 2d at 207.

With the official capacity claims against the individuals and all claims against the Board dispensed through sovereign immunity, all that remains are the claims against the Board members as individuals. They argue that there are other aspects of immunity that apply to those claims. The Court will examine those other categories of immunity, starting with quasi-judicial immunity, to determine whether any apply here.

### B.    QUASI-JUDICIAL IMMUNITY

It is well settled that judges are immune from "liability for damages for acts committed within their judicial jurisdiction." *Pierson*, 386 U.S. at 554. Rooted in this concept of judicial immunity, quasi-judicial immunity is available to certain officials who perform acts that are judicial in nature. *Bettencourt v. Bd. of Registration in Med. of Mass.*, 904 F.2d 772, 782 (1st Cir. 1990). Therefore, in Mr. Sinapi's case, the Court must determine if, "while executing the activities which gave rise to this claim," Defendants, as members of the Board, "were acting in an adjudicatory capacity such that [they] are entitled to absolute immunity." *Destek Group, Inc. v. State of N.H. Pub. Utils. Comm'n*, 318 F.3d 32, 41 (1st Cir. 2003).

The First Circuit Court of Appeals in *Bettencourt* explored this type of immunity as it applied to a board of individuals whose primary responsibility is to

5

regulate the practice of medicine in Massachusetts. That Court identified three questions that need to be answered in analyzing a board's role as an adjudicator – the more analogous a board member's role is to a judicial one, the more likely the member is entitled to absolute immunity. *Bettencourt*, 904 F.2d at 782-783.

> First, does a Board member, like a judge, perform a traditional 'adjudicatory' function, in that he decides facts, applies law, and otherwise resolves disputes on the merits (free from direct political influence)? Second, does a Board member, like a judge, decide cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions? Third, does a Board member, like a judge, adjudicate disputes against a backdrop of multiple safeguards designed to protect a [board-regulated professional]'s constitutional rights?

*Id.* at 783. Because the Court answers each of these questions in the affirmative, the Board members are individually immune from suit.

The Board members served an adjudicatory function when they considered Mr. Sinapi's application and request for additional time and a distraction-free environment in light of the applicable rules that govern the Board's actions. *See Butz v. Economou*, 438 U.S. 478, 512-13 (1978); *Coggeshall v. Mass. Bd. of Regist. of Psychologists*, 604 F.3d 658, 663 (1st Cir. 2010) (members of a professional regulatory board function like judges and have quasi-judicial immunity because they weigh evidence, make factual findings, reach legal determinations, choose sanctions, expound reasons for their decisions, and are likely to provoke litigious responses from affected persons); *Diva's Inc. v. City of Bangor*, 411 F.3d 30, 41 (1st Cir. 2005); *Wang v. N.H. Bd. of Regist. in Med.*, 55 F.3d 698, 701 (1st Cir. 1995) ("State officials performing prosecutorial functions—including their decisions to initiate

administrative proceedings aimed at legal sanctions—are entitled to absolute immunity[.]"); *Johnson v. Rhode Island Parole Board*, 815 F.2d 5, 8 (1st Cir. 1987); *Horwitz v. Bd. of Medical Examiners*, 822 F.2d 1508, 1515 (10th Cir. 1987); *Watts v. Burkhart*, 978 F.2d 269, 272-73 (6th Cir. 1992); *Gonzalez-Droz*, 717 F. Supp. 2d at 208-12; *Guzman–Rivera v. Lucena–Zabala*, Civil No. 08–1897, 2009 WL 1940477, at *7 (D.P.R. July 1, 2009); *Velazquez Feliciano v. Tribunal Supremo De Puerto Rico*, 78 F. Supp. 2d 4, 12 (D.P.R. 1999). Moreover, as an arm of the Rhode Island Supreme Court, it is pellucid that the Board's job was to perform their delegated judicial functions. *In re DeOrsey*, 312 A.2d at 724.

Moving to the second inquiry, the Court finds that the Board's decision to deny Mr. Sinapi's accommodation request is sufficiently controversial. The mere fact that Mr. Sinapi filed this litigation against the Board itself and its members not only in their official capacities, but also as individuals, proves that "[t]he intense nature of administering the bar examination and the likelihood of harassing litigation [] supports granting the [Board] members absolute immunity as to actions involving judge-like discretion." *Powell v. Nigro*, 601 F. Supp. 144, 149 (D.D.C. 1985).

Finally, the Board points out the availability of safeguards to protect an applicant's constitutional rights such as a denial in writing and an appeal process to the Rhode Island Supreme Court. *See* R.I. Supreme Court Art. II, Rule 6; *Diva's Inc.*, 411 F.3d at 41. Mr. Sinapi has had "the opportunity to point out the inaccuracies in

the bar admissions[3] without the need to bring a civil damage suit against the individual Committee members." *Powell,* 601 F. Supp. at 149. Because the Board members' acts at issue here were unequivocally judicial, they are entitled to absolute immunity from Mr. Sinapi's damages claims against them individually.

## II.   CONCLUSION

Mr. Sinapi has failed to show cause as to why his case should not be dismissed. His claims for money damages against the Board and its members in their official capacities are dismissed because this Court lacks jurisdiction under the Eleventh Amendment. His claims against the Board members individually are precluded by quasi-judicial immunity. The Board's Motion to Dismiss (ECF No. 35) is GRANTED.

---

[3] Furthermore, even if Mr. Sinapi is correct that the Board's process was deficient, the Board still has absolute quasi-judicial immunity. Whether the Board's actions rooted in Mr. Sinapi's request were erroneous is irrelevant as long as they were judicial in nature. *See Gonzalez-Droz,* 717 F. Supp. 2d at 208-12; *Cintron Rodriguez v. Pagan Nieves,* 736 F. Supp. 411, 413 (D.P.R. 1990) ("procedural errors, even grave ones, do not divest a judge [or an official acting in a similar capacity] of judicial immunity.").

IT IS SO ORDERED.

_____

John J. McConnell, Jr.
United States District Judge

April 15, 2016